**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**

JORGE LEAL, AS TO AN UNDIVIDED
100,000/158,000 INTEREST; FMC T.D.                    Civil Action No. 5:24-CV-05152-TLB
INVESTMENTS, LLC, AS TO AN
UNDIVIDED 58,100/158,000 INTEREST,
      Plaintiffs,
vs.

KEITH M. GLASS, et al.,
      Defendants.

---

## BRIEF IN SUPPORT OF JUDGMENT OF FORECLOSURE

**NOW COMES** Plaintiffs, JORGE LEAL, AS TO AN UNDIVIDED 100,000/158,000

INTEREST and FMC T.D. INVESTMENTS, LLC, AS TO AN UNDIVIDED 58,100/158,000

INTEREST, and hereby filed this Brief in Support of Judgment to address specific issues raised

by the Court at the hearing held on October 27, 2025 and states as follows:

### INTRODUCTION

Plaintiffs Jorge Leal, as to an undivided 100,000/158,000 interest, and FMC T.D.

Investments, LLC, as to an undivided 58,000/158,000 interest (collectively, "Plaintiffs"), move for

judgment in this foreclosure action against Defendants Keith M. Glass, Amie M. Glass, and any

unknown spouses (collectively, "Defendants"). However, prior obtaining the same, the Court

wishes Plaintiffs to address two issues. First, there is a Quitclaim Deed recorded September 23,

2025 in the Official Records of Washington County, Arkansas as Instrument Number 2025-

00026411 which purports to transfer title to the subject property from the Defendants to Monkey

Doodle, LLC. As discussed below, this deed should have no effect on this foreclosure action.

Second, the Court wishes the Plaintiff to address the legality of the charged interest and the charged

pre-accelerated late charged. The legality of the charges is discussed below. In short, Plaintiffs are

1

entitled to judgment as a matter of law, including foreclosure, recovery of the principal balance of $157,956.18, accrued interest at the contractual rate of 13.99% per annum (which is within the maximum allowable under Arkansas law for residential mortgages), any pre-acceleration late charges (which do not constitute usury), legal fees, costs, and other advances.

The Deed, purporting to transfer the Property from Defendants to Monkey Doodle, LLC, is invalid and/or taken subject to Plaintiffs' Lis Pendens and does not affect Plaintiffs' superior lien.

## STATEMENT OF UNDISPUTED FACTS

On March 29, 2023, Defendants executed the Note in the principal amount of $158,000.00, promising to repay Plaintiffs with interest at 13.99% per annum. Payments were to commence on June 1, 2023, in monthly installments of $1,849.11, with the balance due on May 1, 2025 (Maturity Date). To secure the Note, Defendants executed the Mortgage on March 22, 2023, granting Plaintiffs a first-priority lien on the Property. The Mortgage was recorded on May 15, 2023, in the Washington County Recorder's Office as File #2023-00011938.

Defendants made initial payments from an interest reserve and subsequent payments through December 2023, but failed to make payments thereafter, constituting a default under the Note and Mortgage. As of November 26, 2024, the outstanding principal is $157,956.18, and interest continues to accrue at the contractual rate from the date of default.

Plaintiffs filed this foreclosure action on July 19, 2024, and recorded a Notice of Lis Pendens on July 23, 2024 (File #2024-00018490), providing constructive notice of the pending litigation affecting title to the Property. Subsequently, on September 28, 2025, Defendants executed the Deed transferring the Property to Monkey Doodle, LLC, which was recorded in 2025 (File #2025-00026411).

## BRIEF IN SUPPORT

### I. The Deed Is Invalid and Does Not Affect Plaintiffs' Lien

The Deed is not effective as a matter of law for multiple reasons and is subordinate to Plaintiffs' Mortgage due to the prior-recorded Lis Pendens.

### A. The Deed Was Executed and Recorded After the Lis Pendens, Rendering It Subject to the Pending Litigation

Under Arkansas law, a lis pendens provides constructive notice of pending litigation affecting title to real property, binding subsequent transferees to the outcome of the suit. *See* Ark. Code Ann. § 16-59-101 et seq. Once filed, the property is held in *custodia legis*, preventing transfers that could frustrate the court's relief. See *Bill's Printing, Inc. v. Carder*, 357 Ark. 242, 161 S.W.3d 803 (2004) (lis pendens has the effect of keeping the subject matter of the lawsuit in controversy); *Mitchell & Shaw v. The Fed. Land Bank of St. Louis*, 206 Ark. 253, 174 S.W.2d 671 (1943) (a person who subsequently acquires property that is subject to litigation will take that property subject to the rights of the parties to the litigation and will be bound by the litigation as if he was a party).

The Lis Pendens was recorded on July 23, 2024, explicitly identifying the Property and the foreclosure action. The Deed was executed on September 28, 2025—over a year later—and recorded thereafter. Thus, Monkey Doodle, LLC, took with constructive notice and subject to this action's outcome. The Deed does not convey marketable title free of Plaintiffs' claims and is ineffective to alienate the Property from foreclosure. *See* Ark. Code Ann. § 16-59-101 (constructive notice upon filing). Additionally, it should be noted for the Court that the Deed was executed by the grantee members of the LLC entity rather than by the individual grantors, taking into further question the enforceability and/or validity of the subject deed.

**B. The Deed Was Not Properly Witnessed Under Arkansas Law**

Arkansas requires deeds to be executed in the presence of two disinterested witnesses or acknowledged accordingly. Ark. Code Ann. § 18-12-104 ("shall be executed in the presence of two (2) disinterested witnesses or... acknowledged by the grantor in the presence of two (2) such witnesses, who shall then subscribe the deed"). Witnesses must subscribe the instrument. *See* Ark. Code Ann. § 18-12-201 et seq.

The Deed lacks any witness subscriptions. While notarized by Crystal Lyn Huber, the acknowledgment does not reference two witnesses, and no subscriptions appear. Even if the notary counts as one (per Ark. Code Ann. § 16-47-106), a second is absent. This renders the Deed invalid and unrecordable. The Deed should be declared invalid or subordinate, allowing foreclosure against the Property.

**II. Plaintiffs Are Entitled to the Contractual Interest Rate and Any Pre-Acceleration Late Charges, Which Comply with Arkansas Usury Laws**

The Note's 13.99% interest rate is below the maximum allowable for residential mortgages under Arkansas law, and late charges are penalties, not interest, thus not usurious.

**A. The Interest Rate Is Allowable as It Does Not Exceed the Maximum for Consumer Loans Secured by Residential Real Property**

Arkansas interest rate laws are governed by Article 19, Section 13 of the Arkansas Constitution. The maximum lawful rate for general loans is 5% per annum above the Federal Reserve Discount Rate on ninety-day commercial paper in effect in the Federal Reserve District where Arkansas is located, at the time of the contract. For consumer loans and credit sales, which include credit extended to a natural person primarily for personal, family, or household purposes such as residential mortgages, the rate is capped at 17% per annum. If no rate is agreed upon, it defaults to 6% per annum. These provisions do not supersede or invalidate federal law applicable

to loans or interest rates, including loans secured by residential real property, allowing for federal preemption under laws such as the Depository Institutions Deregulation and Monetary Control Act of 1980 (12 U.S.C. § 1735f-7a) for first-lien residential mortgages.

The Note, secured by the Defendants' residential Property for personal use, bears interest at 13.99%—well below the 17% cap for consumer loans—and thus is not usurious. The parties may agree in writing to interest not exceeding the applicable rate under Arkansas Constitution, Amendment 89, which ties rates to federal benchmarks but maintains the 17% consumer cap. The rate is lawful and enforceable. Additionally, the default interest rate of 17%, as detailed in the updated affidavit in support, reflect interest charged at or below the 17% cap allowed by law.

**B. Pre-Acceleration Late Charges Are Penalties, Not Interest, and Do Not Violate Usury Laws**

The Note provides for a late charge of 10% on overdue payments, assessed pre-acceleration. There is no statutory maximum late fee under Arkansas law, and businesses are not required to provide a grace period. Late fees are not usurious because they can be avoided by timely payment and are not a contrivance to evade usury laws. See *Davis v. City of Blytheville*, 2015 Ark. 482 (affirming that 10% late fees on utility bills are not usurious, as they encourage timely payments and are avoidable, citing *Hayes v. First Nat'l Bank of Memphis*, 256 Ark. 328, 507 S.W.2d 701 (1974)). The court's concern is alleviated: these are standard delinquency fees, not additional interest.

**<u>CONCLUSION</u>**

Plaintiffs request judgment foreclosing the Mortgage and declaring the Deed invalid or subordinate.

*/s/    Damian G. Waldman, Esq.*
☑  Damian G. Waldman, Esq.
Florida Bar No. 0090502

5

Law Offices of Damian G. Waldman, P.A.
PO Box 5162
Largo, FL 33779
Telephone: (727) 538-4160
Facsimile: (727) 240-4972
Email 1: damian@dwaldmanlaw.com
E-Service: service@dwaldmanlaw.com
*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via

Notice of Electronic Filing by CM/ECF transmission to all counsel and parties who are registered

to receive such service in this case on January 6, 2026.

*/s/ Damian G. Waldman, Esq.*
Damian G. Waldman, Esq.
*Attorneys for Plaintiff*