IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**JORGE LEAL, AS TO AN UNDIVIDED
100,000/158,000 INTEREST; FMC T.D.
INVESTMENTS, LLC, AS TO AN
UNDIVIDED 58,000/158,000 INTEREST**                                              **PLAINTIFFS**

V.                                         **CASE NO. 5:24-CV-5152**

**KEITH M. GLASS, and
AMIE M. GLASS**                                                                       **DEFENDANTS**

## JUDGMENT

Currently before the Court is the Motion and Supporting Brief for Default Judgment (Doc. 15) filed by Plaintiffs Jorge Leal and FMC T.D. Investments. The record reflects that personal service was obtained upon Defendants Keith Glass and Amie Glass on August 13, 2024. *See* Docs. 9-1 & 9-2. The Clerk entered default against the Glasses pursuant to Federal Rule of Civil Procedure 55(a) on September 27, 2025. *See* Doc. 10.

The Complaint seeks a judgment, decree of foreclosure and sale, declaration that Plaintiffs hold the senior lien interest in the subject property, clarification of the amounts due under the note and mortgage, and an award of attorney's fees and costs. (Doc. 2.) In support, Plaintiffs provided affidavits showing the amount due on the Note and Mortgage (Docs. 15, 24, 26) and attorneys' fees and costs (Docs. 15, 23, 25), which the Court has considered. The subject property (the "Property), located at 4589 Ashford Knolls, Springdale, AR 72762, is more particularly described as follows:

> LOT 18, CARLEY MEADOWS SUBDIVISION, TO THE CITY OF JOHNSON, WASHINGTON COUNTY, ARKANSAS, AS SHOWN IN PLAT RECORD "11" AT PAGE 40.
> SUBJECT TO RECORD INSTRUMENTS, COVENANTS, RIGHTS OF WAY, AND EASEMENTS.
> A/K/A 4589 ASHFORD KNOLLS, SPRINGDALE, AR 72762.

The Court held hearings under Federal Rule of Civil Procedure 55(b)(2) to determine the amount of damages on October 27, 2025 and January 9, 2026.

The Court credits Mr. Leal's sworn affidavit and the exhibits on which it relies. (Doc. 25). In view of Keith and Amie Glasses' default, Jorge Leal and FMC Investments are entitled to default judgment in their favor and against the Glasses. The Court agrees Jorge Leal and FMC Investments may recover the principal balance, interest owed, and accrued late charges claimed in their affidavit for a total sum of **$219,493.25.**

Plaintiffs are also entitled to post-judgment interest, calculated at a rate equal to the weekly average 1-year constant maturity Treasury yield for the calendar week preceding the date of the judgment, or 3.48%. Such interest will accrue until paid in full.

Finally, counsel for Plaintiffs submitted an affidavit in support of the request for fees and costs as well as an itemized billing statement. *See* Doc. 25. The Court approves an award of **$1150.85** in costs. The Court also approves the request for fees, having considered the following factors: (1) the experience and ability of counsel; (2) the time and labor required to perform the legal service properly; (3) the amount involved in the case and the results obtained; (4) the novelty and difficulty of the issues involved; (5) the fee customarily charged in the locality for similar services; (6) whether the fee is fixed or contingent; (7) the time limitations imposed upon the client or by the circumstances; and (8) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer. *Chrisco v. Sun Indus., Inc.*, 304 Ark. 227, 229 (1990).

The Court finds that the rate of $265 per hour charged by Plaintiffs' counsel, Damian Waldman, is reasonable. However, the Court finds that the 50.43 hours billed by Mr. Waldman are excessive in light of the case's default posture, the Court's concerns

that particular time entries may not distinguish between his services and services of paralegals employed by his firm, and concerns about the accuracy of Mr. Waldman's records. For all these reasons, the Court approves a total fee of **$12,500.00.**

**IT IS HEREBY ORDERED**, **ADJUDGED, AND DECREED** that:

(1) Any claim, right, title, or interest in the subject property that might be held by Keith Glass, Amie Glass, or Monkey Doodle LLC is declared junior, subordinate, and inferior to any and all claims, right, title, and interest held by Jorge Leal, as to an undivided 100,000/158,000 interest, and FMC T.D. Investments, LLC, as to an undivided 58,000/158,000 interest.

**(2)** Jorge Leal, as to an undivided 100,000/158,000 interest, and FMC T.D. Investments, LLC, as to an undivided 58,000/158,000 interest are granted judgment *in personam* against Keith Glass and Amie Glass and *in rem* against the subject property for **$233,144.10.**

(3) Jorge Leal, as to an undivided 100,000/158,000 interest, and FMC T.D. Investments, LLC, as to an undivided 58,000/158,000 interest, as the current owners and holders of the Note and servicers of the loan, have good standing to proceed with foreclosure;

(4) Jorge Leal, as to an undivided 100,000/158,000 interest, and FMC T.D. Investments, LLC, as to an undivided 58,000/158,000 interest are declared to have first lien position on the subject property;

(5) The subject property is to be sold, and the proceeds of the sale shall be distributed by further order of this Court; and

(6) All writs and processes necessary for the enforcement and execution of this Judgment may issue.

**IT IS SO ORDERED** on this 12th day of January, 2025.

_____
TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE